☒ FILED ___ LODGED
___ RECEIVED ___ COPY

APR 1 6 2014

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

**SEALED**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>1. Blaine Jared Radke,<br>   a.k.a.: Ronnie Coleman<br>   (Counts 1-10)<br><br>2. Ismael Gonzalez,<br>   a.k.a.: Mike Gonzalez<br>   (Counts 1-10)<br><br>3. Joshua Ryan Leno,<br>   (Counts 1, 10)<br><br>4. Duane Lee McGill,<br>   (Counts 1, 10)<br><br>5. Gregory Alexander Chambers,<br>   (Counts 1, 10)<br><br>6. Chad Vincent Desjarlais,<br>   (Count 1)<br><br>7. Kanisha Nichelle Stewart,<br>   (Counts 1, 10)<br><br>8. Dena Jo Olson,<br>   (Count 10)<br><br>    Defendants. | CR-14-547-PHX-SRB (BSB)<br><br>**INDICTMENT**<br><br>VIO:  21 U.S.C. § 846<br>(Conspiracy to Possess with Intent to Distribute Controlled Substances)<br>Count 1<br><br>21 U.S.C. § 841(a)(1) and (b)(1)(E)<br>(Possession with Intent to Distribute Controlled Substances)<br>Counts 2-9<br><br>18 U.S.C. § 1956(h)<br>(Conspiracy to Launder Monetary Instruments)<br>Count 10<br><br>21 U.S.C. § 853 and 18 U.S.C. § 982<br>Forfeiture Allegations |

THE GRAND JURY CHARGES:

<u>**COUNT 1**</u>

Beginning on a date unknown to the Grand Jury, but no later than January 31,

2008, and continuing until on or about April 16, 2014, in the District of Arizona and elsewhere, the defendants, BLAINE JARED RADKE, ISMAEL GONZALEZ, JOSHUA RYAN LENO, DUANE LEE MCGILL, GREGORY ALEXANDER CHAMBERS, CHAD VINCENT DESJARLAIS, and KANISHA NICHELLE STEWART, did knowingly and intentionally combine, conspire, confederate, and agree together and with other persons known and unknown to the Grand Jury, to possess with the intent to distribute schedule III controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(E).

The manner and means used to accomplish the objectives of the conspiracy included, among others, ordering bulk quantities of raw anabolic steroids from China and paying for those substances using Western Union money orders, having the raw anabolic steroids mailed from China to CHAD VINCENT DESJARLAIS in Florida and GREGORY ALEXANDER CHAMBERS in Tennessee to conceal the true destination of the substances, and then re-shipping the raw anabolic steroids from Florida and Tennessee to BLAINE JARED RADKE, ISMAEL GONZALEZ, and DUANE LEE MCGILL in Arizona, where the steroids were re-packaged into user quantities. The manner and means used to accomplish the objectives of the conspiracy also included, among others, the operation of an "underground pharmaceutical operation" email address, tntrep1@gmail.com, by BLAINE JARED RADKE, through which steroid users could place orders for schedule III controlled substances. Using tntrep1@gmail.com, BLAINE JARED RADKE instructed steroid users to send cash to pay for their orders, concealed in magazines and birthday cards, to Post Office boxes controlled by JOSHUA RYAN LENO, DUANE LEE MCGILL, and ISMAEL GONZALEZ, and to KANISHA NICHELLE STEWART. Following receipt of the cash payments, ISMAEL GONZALEZ and KANISHA NICHELLE STEWART sent schedule III controlled substances, including but not limited to Testosterone Enanthate, Trenbolone Acetate, Oxandralone, Trenbolone Enanthate, Testosterone Propionate, Testosterone Cypionate,

Sustanon (Testosterone), Boldenone, Methenolone Enanthate, Stanozolol, Oxymetholone, and Drostanolone Proprionate, to steroid users throughout the United States.

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

On or about March 4, 2013, in the District of Arizona, defendants BLAINE JARED RADKE and ISMAEL GONZALEZ did knowingly and intentionally possess with the intent to distribute the following schedule III controlled substances: Testosterone Enanthate, Trenbolone Acetate, and Oxandralone.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(E).

## COUNT 3

On or about April 1, 2013, in the District of Arizona, defendants BLAINE JARED RADKE and ISMAEL GONZALEZ did knowingly and intentionally possess with the intent to distribute the following schedule III controlled substances: Testosterone Enanthate, Trenbolone Acetate, and Oxandralone.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(E).

## COUNT 4

On or about May 20, 2013, in the District of Arizona, defendants BLAINE JARED RADKE and ISMAEL GONZALEZ did knowingly and intentionally possess with the intent to distribute the following schedule III controlled substances: Testosterone Enanthate, Trenbolone Acetate, and Oxandralone.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(E).

## COUNT 5

On or about July 1, 2013, in the District of Arizona, defendants BLAINE JARED RADKE and ISMAEL GONZALEZ did knowingly and intentionally possess with the intent to distribute the following schedule III controlled substance: Trenbolone Enanthate.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(E).

## COUNT 6

On or about August 21, 2013, in the District of Arizona, defendants BLAINE JARED RADKE and ISMAEL GONZALEZ did knowingly and intentionally possess with the intent to distribute the following schedule III controlled substances: Sustanon (Testosterone), Boldenone, Methenolone Enanthate, Trenbolone Acetate, Stanozolol, and Oxymetholone.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(E).

## COUNT 7

On or about September 23, 2013, in the District of Arizona, defendants BLAINE JARED RADKE and ISMAEL GONZALEZ did knowingly and intentionally possess with the intent to distribute the following schedule III controlled substances: Sustanon (Testosterone), Boldenone, Methenolone Enanthate, Trenbolone Acetate, Drostanolone Propionate, and Oxymetholone.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(E).

## COUNT 8

On or about December 14, 2013, in the District of Arizona, defendants BLAINE JARED RADKE and ISMAEL GONZALEZ did knowingly and intentionally possess with the intent to distribute the following schedule III controlled substances: Sustanon (Testosterone), Boldenone, Drostanolone Propionate, Methenolone Enanthate, and Oxymetholone.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(E).

## COUNT 9

On or about February 4, 2014, in the District of Arizona, defendants BLAINE JARED RADKE and ISMAEL GONZALEZ did knowingly and intentionally possess with the intent to distribute the following schedule III controlled substances: Sustanon (Testosterone), Boldenone, Drostanolone Propionate, Methenolone Enanthate, and

Oxymetholone.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(E).

### COUNT 10

Beginning on a date unknown to the Grand Jury, but no later than January 31, 2008, and continuing until April 16, 2014, in the District of Arizona and elsewhere, BLAINE JARED RADKE, ISMAEL GONZALEZ, JOSHUA RYAN LENO, DUANE LEE MCGILL, GREGORY ALEXANDER CHAMBERS, KANISHA NICHELLE STEWART, DENA JO OLSON, and others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate and agree together to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of specified unlawful activity, that is, conspiracy to possess with intent to distribute controlled substances in violation of Title 21 United States Code, Sections 846 and 841(a)(1), with:

(A) the intent to promote the carrying on of said specified unlawful activity, and while knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(B) knowledge that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity and that the property involved in such financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

### FORFEITURE ALLEGATIONS

The allegations contained in Counts 1-10 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853, and Title 18, United States Code, Section 982.

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841 or 846, each defendant shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense. The property to be forfeited includes, but is not limited to, the following:

(A)   A sum of money representing the amount of proceeds obtained as a result of the offense; and

(B)   14949 W. Columbine Drive, Surprise, AZ 85379, further described as Lot 312 of Rancho Gabriela Phase 1, according to Book 584 of Maps, page 16 and Affidavit of Change recorded as Document No. 2002-0536172, records of Maricopa County, Arizona.

Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, each defendant shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, a sum of money representing the amount of proceeds obtained as a result of the offense.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants: (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853; Title 18, United States Code, Section 982; and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

s/
FOREPERSON OF THE GRAND JURY
Date:  April 16, 2014

JOHN S. LEONARDO
United States Attorney
District of Arizona


s/
KRISSA M. LANHAM
Assistant U.S. Attorney